UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  | ) |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | Criminal No. 13-10171-DJC |
| SAMUEL STALIN LEBREAULT FELIZ, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

**CASPER, J.**                                                                                                  **October 23, 2018**

**I.     Introduction**

Petitioner Samuel Stalin Lebreault Feliz ("Feliz") has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255 alleging ineffective assistance of counsel (the "Petition"). D. 159. The government opposes the Petition. D. 166. For the reasons discussed below, the Court DENIES the Petition.

**II.    Standard of Review**

A prisoner may seek post-conviction relief under § 2255 if his sentence "(1) was imposed in violation of the Constitution; (2) was imposed by a court that lacked jurisdiction; (3) exceeded the statutory maximum; or (4) was otherwise subject to collateral attack." David v. United States, 134 F.3d 470, 474 (1st Cir. 1998). It is the petitioner's burden to make out a claim for such relief. Id.

**III.   Factual and Procedural Background**

After a jury trial, Feliz was convicted of two counts of passport fraud in violation of 18 U.S.C. § 1542, one count of false representations to the Social Security Administration ("SSA")

in violation of 42 U.S.C. § 408(a)(6) and one count of theft of public money pursuant to 18 U.S.C. § 641.  D. 120.  On May 29, 2014, the Court sentenced Feliz to thirty-three months imprisonment, three years of supervised release, a mandatory special assessment of $400 and restitution (related to the theft of public funds charge) in the amount of $ 121,077.  D. 132.  Feliz filed a timely notice of appeal and, on November 25, 2015, the First Circuit affirmed the judgment.  D. 156; United States v. Feliz, 807 F.3d 1 (1st Cir. 2015).

### IV.     Grounds for Relief

In the Petition, Feliz seeks relief on the grounds that he received ineffective assistance of counsel from his trial attorney.  Although several of his seven grounds overlap, at base, Feliz alleges that his trial counsel failed to prepare sufficiently for trial, failed to object to certain testimony, failed to prepare his necessity and duress defense and present same at trial, failed to challenge the government's case on the basis of alleged prosecutorial vindictiveness and failed to maintain sufficient communication with him.  D. 159.

### V.     Discussion

#### A.     **Standard for Considering Ineffective Assistance of Counsel Claims**

To demonstrate ineffective assistance of counsel, a petitioner must show that: "(1) 'counsel's representation fell below an objective standard of reasonableness' and (2) 'there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different.'"  United States v. Constant, 814 F.3d 570, 578 (1st Cir. 2016) (quoting Strickland v. Washington, 466 U.S. 668, 688, 694 (1984)).

Reasonableness is viewed "as of the time of counsel's conduct."  Strickland, 466 U.S. at 690.  Judicial scrutiny of a counsel's representation and performance must be "highly deferential" and the Court should make "every effort . . . to eliminate the distorting effects of hindsight."  Bell

2

v. Cone, 535 U.S. 685, 698 (2002) (internal quotation marks omitted). Moreover, even deficient representation does not violate the Sixth Amendment if there was no actual prejudice. See United States v. McGill, 11 F.3d 223, 226 (1st Cir. 1993).

To demonstrate prejudice, the petitioner must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. A "reasonable probability" is one 'sufficient to undermine confidence in the outcome.'" Johnston v. Mitchell, 871 F.3d 52, 64 (1st Cir. 2017) (quoting Gonzalez-Soberal v. United States, 244 F.3d 273, 278 (1st Cir. 2001).

### B. Trial Counsel's Conduct Was Not Deficient

Even considering each of Feliz's claims, the Court does not conclude that his trial counsel's representation fell below an objective standard of reasonableness. The centerpiece of a number of Feliz's claims is that his counsel failed to develop and present evidence regarding his duress and necessity defense including but not limited to his failure to call Feliz's father as a witness (Grounds Four and Five). Even by Feliz's accounting, Feliz's father would have testified about events in the Dominican Republic that occurred sometime before the crimes committed by Feliz, thereby lacking the immediacy required for either a duress or necessity defense. Feliz, 807 F.3d at 4-5 (affirming the Court barring Feliz from presenting a duress and necessity defense at trial because he failed to show that he was facing an immediate threat of serious bodily harm or death or lack of reasonable alternatives to violating the law); United States v. Diaz-Castro, 752 F.3d 101, 108 (1st Cir. 2014); United States v. Maxwell, 254 F.3d 21, 27 (1st Cir. 2001). That is, it cannot be said to have been deficient representation to have failed to call witnesses in support of a defense that was not legally available to the defendant. See United States v. Hart, 933 F.2d 80, 83 (1st Cir. 1991). Similarly, it cannot be said to have been ineffective assistance of counsel for failing to call

3

Feliz as a witness at trial where Feliz indicates that he applied for benefits to be in Massachusetts to get custody of his daughter (Ground Four). D. 159 at 8. Again, such testimony would not be an aid in defense of the charges here which included not just false representations to the SSA and theft of public money (i.e., Section 8 benefits), but also two counts of passport fraud. Similar to the expected testimony from his father, Feliz's proffered testimony would not have given rise to a duress or necessity defense and it would not have negated the evidence offered by the government as to the elements of the theft of public money charge (which Feliz appears now to dispute) where Feliz's alleged motive for seeking such benefits (i.e., regaining custody of his daughter) is not dispositive of his intent voluntarily, intentionally and knowingly to steal public funds.

As to the claim that his counsel was ineffective because he did not pursue a defense of "prosecutorial vindictiveness," D. 159 at 8, 21 (Grounds Four and Six), Feliz has not provided a sufficient factual basis for such claim. This is particularly true where the charges against him were brought federally and Feliz alludes to a complaint that he sought to have pursued by local law enforcement, but provides no link between the two and the record before this Court does not suggest one.

As to the claim that his counsel failed to object to "hearsay" testimony from the agent about Feliz's own statements (Ground Three), it fails as well. Such statements, when offered by the government, are admissions of the party opponent (namely, Feliz) and are not hearsay so any such objection to same would have been misplaced and futile.

Lastly, to the extent that Feliz also complains about trial counsel's choices in presenting his defense to the jury in terms of what testimony he proffered and the scope of cross examination of the government's witnesses (Grounds One, Two and Four), such tactical decisions, even as alleged, do not arise to deficient performance. United States v. Ortiz Oliveras, 717 F.2d 1, 3-4 (1st

Cir. 1983) (noting that "[o]nly where a defense decision is completely unreasonable, not merely wrong, so it bears no relationship to a possible defense strategy is further review into counsel's competence required").

C. **Trial Counsel's Conduct Did Not Prejudice Feliz**

Even assuming *arguendo* that trial counsel's conduct of Feliz's defense was deficient (which the Court has concluded it was not), there has been no showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. It cannot be said that failure to raise or develop futile defenses, as described above, would have resulted in a different outcome at trial. The same is true with objections to testimony at trial that would have futile and contrary to the rules of evidence. Even assuming that trial counsel's choices about preparation for trial and the scope of cross examination or even Feliz's further allegations that trial counsel failed to maintain adequate communications with him (Ground Seven, D. 159 at 22) constituted deficient representation, there has been no showing that but for this conduct, the outcome of the trial would have been different.

For all of these reasons, the Court denies the Petition.

VI. **Certificate of Appealability**

A petitioner may receive a certificate of appealability only if he has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). Such a showing is made when "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Based upon its analysis of the record and the applicable law, this Court does not, at this time, conclude that "reasonable jurists" could debate this Court's conclusion. Id. Accordingly, the Court is not inclined to issue a certificate of appealability but will give Feliz until

5

November 13, 2018 to file a memorandum, not to exceed five pages, if he desires to address the issue of whether a certificate of appealability is warranted as to the Petition.

## VII. Conclusion

For the foregoing reasons, the Court DENIES Feliz's habeas petition under § 2255, D. 159.

**So Ordered.**

                                                    /s/ Denise J. Casper
                                                    United States District Judge